(No. 1555, June 2, 1914.)

H. J. HAGERMAN AND ANNA O. HAGERMAN,
Executors, Appellants, vs. TOWN OF HAGERMAN,
Appellee.

### SYLLABUS BY THE COURT.

1. In a suit to recover rents of $900 a year for a water supply for a town, under a contract for the purchase or leasing of such water supply, where such sum exceeds the amount to be raised by taxation from a two-mill levy upon the taxable property subject to taxation in said town, no recovery can be had for any amount in excess of the amount raised from such two-mill levy, under Sub-section 72 of Sec. 2402, Compiled Laws of New Mexico (1897.)

P. 124

2. An ordinance or contract of the town of Hagerman, termed a "lease," entered into for the purpose of securing a water supply for said town, whereby the town was to become the owner at the expiration of ten years, upon the payment of $900 per year as rental for such period, construed and held to be a contract of sale, and as such a purchase by the town of water works under Sub-section 6 of Sec. 2402, Compiled Laws of New Mexico (1897), and such contract held to be invalid and unenforcible against the town in a suit to collect the rents by reason of such contract not having been approved by vote of the residents of the town at a general election.

P. 127

3. A town or municipality, when sued upon a contract which it was not authorized by law to make, or has not complied with the statutory requirements in the making of the contract, is not estopped to deny the validity or want of power in making such contract, or prohibition by statute to secure the funds with which to discharge its obligations under the contract, and prevent a recovery upon a quantum meruit upon the contract.

P. 128

Hagerman v. Town of Hagerman, 19 N. M. 118.

Appeal from District Court, Chaves County; John T. McClure, Presiding Judge. Affirmed.

WILLIAM C. REID AND JAMES M. HERVEY, Roswell, N. M., for Appellant.

First Assignment of Error. Secs. 2412, 2471, C. L. 1897; Sec. 115 A. & E. Encl. L., Vol. 21, p. 957; 29 Cyc. p. 1692; 127 Mass. 408; 110 Mass. 433, 437; 28 Pac. Rep. 460; 14 N. W. Rep. 975; 5 Watts 172; 104 Mo. App. 595; 20 A. & E. L., p. 1161; 28 Cyc. 664-666; 20 A. & E. Enc. 1161; Sec. 305, Vol. 1, Dillon Mun. Corp. (5th Ed.); 31 Ala. 542; 28 Ga. 50; 8 Mich. 458; 66 Ind. 396; 28 Ga. 50; 43 Ga. 67; 39 N. J. Eq. 367; 24 La. Ann. 412; Ia. Sup. Ct. 1873; 8 Mich. 458; 28 Cyc., pp. 638-7.

Meeting of Payments. 28 Cyc. 674; 38 Am. Rep. 97; 62 Minn. 509.

Court erred in instructing jury to return verdict in favor of defendant on count of *quantum meruit.* Bates Pl. Pr. Parties & Forms Vol. 3, p. 2689; 107 U. S. 348; 87 Fed. 829; 98 Fed. 549; 20 A. & E. Enc. L., p. 1163.

W. A. DUNN, Roswell, N. M., for Appellee.

Law. 49 Pac. 898; Chaps. 37, 78, L. 1899; Chap. 33, L. 1901; Chap. 117, L. 1909; 129 Pac. 643.

Municipal contracts involving creation of debts cannot be made without provision of payment. 92 N. W. 643; 86 N. W. 726; 60 N. E. 490; 64 Atl. 367; 85 N. Y. Supp. 130; 91 N. W. 855; 81 N. W. 509; 91 N. W. 496; 85 N. W. 1132; 36 Pac. 844.

*Quantum Meruit.* 82 Pac. 601; Phillips Code Pl., Sec. 97; 117 Fed. 51; 1 Dillon Mun. Corp. (3rd Ed.) Sec. 89; 51 Fed. 209; 139 U. S. 24; 84 N. W. 822; 84 N. W. 1027; 38 Pac. 682; 48 Atl. 477; 62 Pac. 84.

Appellant entitled to no judgment because purported ordinance on which right of recovery is predicated was not legally adopted by appellee. 98 N. W. 493.

### OPINION.

MEDLER, D. J.—This is an action by H. J. Hagerman and Anna O. Hagerman, as executors of the estate of J. J. Hagerman, deceased, against the Town of Hagerman, for the recovery of $2,250, alleged to be due on account of rent of two artesian wells under a contract entered into between J. J. Hagerman, in his lifetime, and the town of Hagerman. Suit was brought in the district court of Chaves county by the plaintiffs, issue joined, trial by jury was had, and at the conclusion of the evidence, the court below instructed the jury to find the issues for the defendant and judgment was entered accordingly. From this judgment, the plaintiff executors appealed.

The facts disclosed by the pleadings and evidence are as follows: On August 19, 1907, J. J. Hagerman, being then the owner of two town lots in the town of Hagerman, upon which he had constructed two artesian wells, entered into a contract with the Board of Town Trustees of the Town of Hagerman, by means of a town ordinance passed by its Board of Trustees. The contract or ordinance is set out at length in the complaint, and is as follows:

"Whereas, J. J. Hagerman is the owner of lots six (6) and eight (8) of block twelve (12) of the Town of Hagerman, and that there are situated on said lots two artesian wells; that the flow from said wells is sufficient to supply the Town of Hagerman with water for domestic and irrigation purposes, and

"Whereas, The said J. J. Hagerman is willing to lease the said wells to the said Town of Hagerman at an annual rental of Nine Hundred Dollars ($900.00) without interest, payable Four Hundred Fifty Dollars ($450.00) semi-annually on the second days of January and July, commencing January 2, 1908, (Taxes, licenses and repairs on said property to be paid by said town) and is willing that for and in consideration of the sum of One Dollar and the prompt payment by the Town of Hagerman of the semi-annual rental mentioned aforesaid for

the period of ten years, to deed the said lots and artesian wells to the said Town of Hagerman at the expiration of said period of ten years, and

"Whereas, In the opinion of the Board of Trustees of the Town of Hagerman, it is necessary for the welfare of said town that said town own its own water supply, and

"Whereas, The said J. J. Hagerman executed a bond binding himself, his heirs, executors and administrators, to make and deliver. a good and sufficient Warranty Deed to the Town of Hagerman for said described lots and artesian wells, for the consideration of One Dollar, on the second day of July, 1917,

"Now, Therefore, be it Ordained by the Board of Trustees of the Town of Hagerman:

"Section 1. That in consideration of the premises, and a good and sufficient warranty deed to be made, executed and delivered by J. J. Hagerman, his heirs, executors and administrators, to the Town of Hagerman, for a consideration of One Dollar and for the further consideration of a better water supply and protection from fire, the Town of Hagerman hereby agrees and binds itself to lease said premises and to pay to said J. J. Hagerman, his heirs, executors and administrators, for a term of ten years an annual rental of $900.00 without interest, payable $450.00 semi-annually on the second days of January and July, on said lots six (6) and eight (8) in block twelve (12) of the Town of Hagerman, New Mexico, and the artesian wells situate thereon for a full term of ten years, and further agrees and binds itself to pay all taxes and licenses on said described property and to keep the same in good condition and repair at its own expense during all the term of said ten years.

"Section 2. The Town of Hagerman further agrees that said semi-annual rental shall be paid on or before the second days of January and July of each year and every year of the said ten years, and that if any rent shall be due and unpaid or default shall be made on any of the covenants herein contained, then it shall be lawful for

the said J. J. Hagerman, his heirs, executors and administrators to re-enter the said premises and take full possession thereof, remove all persons therefrom, and close the wells so that no water shall flow therefrom, into the water mains or pipes thereunto attached, but such re-entry shall not discharge the payment of the semi-annual rental herein mentioned.

"Section 3. That certain bonds, executed and delivered by J. J. Hagerman to the Town of Hagerman, binding the said J. J. Hagerman, his heirs, executors and administrators, to make and deliver a good and sufficient warranty deed for said described lots and artesian wells on or before the second day of July, 1917, is hereby approved by the said Town of Hagerman, and ordered placed on record.

"Passed at a regular meeting of the Board on the 19th day of August, 1907."

At the time of entering into the contract, the flow of water from the wells was considered sufficient to supply the town with water for domestic and irrigation purposes, as set out in the ordinance. Under this contract, which the parties termed a "lease," the town took possession of the artesian wells, has since remained in possession and for a time after taking possession supplied water to the inhabitants of the town and collected a small amount in water rentals for the water so supplied. Subsequently, the wells were allowed to deteriorate by reason of lack of repair and the supply of water decreased. The town, although it collected some water rentals, wholly failed to pay any of the semi-annual installments of $450, provided to be paid by the contract, and being in arrears December 19, 1912, in the sum of $2,250, the plaintiffs brought suit for that amount. The complaint was framed in two counts, the first on the contract, and the second on a *quantum meruit*. The court below instructed the jury to find for the defendant town, and held that the contract and ordinance was void and that the governing body of the Town of Hagerman exceeded its lawful authority when it passed the ordinance. Various defenses were set up

as to irregularities in the passage of the ordinance by the Board of Trustees, i. e. failure to conform to certain rules of parliamentary procedure, lack of necessary majority, and failure to submit the ordinance to a vote of the people of the town. It is only necessary to consider this last ground.

The main and only question in this case is whether, under the laws of New Mexico, as they existed at the time of the passage of this ordinance, the town of Hagerman had authority to make a contract of this character in the manner in which it did, so as to constitute a legal and enforcible obligation upon the town. It is conceded that no election of the qualified voters of the town of Hagerman was ever held for the purpose of ratifying or approving the passage of the ordinance. Sub-section 6 of Section 2402 of the Compiled Laws of New Mexico (1897), authorizes city councils and boards of trustees to contract an indebtedness on behalf of a city and upon its credit, by borrowing money or issuing bonds of the city or town, for the purpose of the "purchase or construction of water works for fire and domestic purposes; (and) for the purpose of the construction or purchase of a canal or canals or some suitable system of supplying water for irrigation in the city or town," and, after providing and placing a limit upon the total amount of such indebtedness, further provides, in substance, that no such debt shall be created without submission to vote at a general election, except when the debt be created for supplying the city with water. The appellants contend that the contract or ordinance in question is a "supplying the city with water" or providing a water supply, and not the purchase or construction of water works for fire and domestic purposes within the meaning of the statute, and that no vote at a general election was necessary to the validity of the ordinance or contract. The appellee, on the other hand, contends that a judgment if rendered in appellants' favor would be unavailing, as no lawful means for its satisfaction could be adopted by the town of Hagerman, and no appropriations were ever made by

the Town of Hagerman to meet the indebtedness created
by the ordinance.

Sub-section 72 of Section 2402, Compiled Laws (1897),
provides that if cities or towns shall contract with indi-
viduals or companies for a supply of water for any pur-
pose, such city or town shall levy each year and cause to be
collected, a special tax sufficient to pay off such water rents
agreed to be paid to such individuals or company, pro-
vided such tax shall not exceed the sum of two mills on
the dollar for any one year. The record in this case dis-
closes that the assessed valuation of taxable property of
the Town of Hagerman was, for the year 1907, $86,250;
for 1908, $80,680; for 1909, $108,370, and for the year
1910, $91,810. It will thus be seen that during any one
of these years the total amount of taxes that would have
been available for the town for the payment of water rental
under the contract or ordinance at the rate provided by
the statute just quoted, assuming that all taxes assessed
had been promptly paid by the taxpayers, was the sum
of $216.74; and this was the highest amount in any of
these years, viz: the year 1909, when the taxable valua-
tion was $108,370. This court has held that the power
to make the contract in question, assuming that it had
the power, did not carry with it the power to depart from
the mode prescribed by the statute for raising revenues
with which to pay for the supply of water contracted to
be furnished. Raton Waterworks Co. vs. Town of Raton,
9 N. M. 71. While the court in the Raton Waterworks
case did not hold the contract or ordinance void, it held
that the town was only obligated to exhaust its power to
collect a tax sufficient within the statutory limitation of
a levy of two mills upon the entire taxable property within
its jurisdiction. Assuming, therefore, that the contract
or ordinance in question in this case was valid,
the plaintiffs would not be entitled to recover judg-
ment for more than the amount of taxes collected by
the Town of Hagerman through a two-mill tax
levy for the several years during which the contract was
to run. As said in the Raton case, *supra*: "The

statutes are a public notice of their contents, and a complainant contracting presumably with a knowledge that defendant was limited, by the statute creating it, to a two-mill levy for the discharge of its obligation, will not be heard to complain that the trustees of defendant refused to transcend that power." 9 N. M., page 90.

We come now to a construction of the ordinance or contract itself. While the parties have termed the contract or ordinance a "lease," courts in construing the legal effect of instruments will look to the whole instrument. and the purposes to be accomplished by the parties. As said by the Supreme Court of the United States: "What,. then, is the true construction of the contract? The answer to this question is not to be found in any name which the parties may have given to the instrument, and not alone in any particular provision it contains, disconnected from all others, but in the ruling intention of the parties gathered from all the language they have used. It is the legal effect of the whole which is to be sought for. The form of the instrument is of little account." Heryford vs. Davis, 102 U. S. 235. In construing contracts, the language used is to be taken in reference to the peculiar subject matter of the contract. Richmond Min. Co. vs. Eureka Consol. Min. Co., 103 U. S. 839. We have here a contract wherein the situation of the parties were as follows: Hagerman was the owner of two town lots with two artesian wells upon them, the flow from which wells. was sufficient to supply the Town of Hagerman with water for domestic and irrigation purposes, and he was willing to turn over the control and custody of these wells to the town, and finally deed them to the town, for a consideration of $9,000, payable in semi-annual installments of $450, extending over a period of ten years, the town in the meantime paying such taxes and licenses as should be levied or imposed against the wells, and also agreeing to keep them in repair. To secure the town in its final acquisition of the property by deed, Hagerman executed a bond binding himself, his heirs, executors and administrators, to execute a warranty deed for the property. The town,.

on its part, declared that it was "necessary for the welfare of said town that said town own its own water supply." The first recital in the ordinance, Section 1, declares that the contract or ordinance is in consideration of the premises, and a good and sufficient warranty deed to be made for a consideration of one dollar. A careful reading of the preamble of the ordinance, and the ordinance as a whole, discloses that it was the purpose of the town to ultimately acquire the full title to the lots and the two artesian wells thereon, as a permanent source of water supply for the town. In fact, the evidence discloses that it was first proposed to pay $5,000 or $6,000 cash for the property. Nothing can be clearer than that this was in legal effect a purchase by the town, on long-time payments, of the property in question, as a source of water supply for the town, to be operated and owned by the town. In the event of default in the semi-annual payments, it is true, Hagerman was authorized to enter and take possession of the property, but no provision is made for the forfeiture of the interest of the town in the property or the contract, but on the contrary the payment of rentals were to continue. While the parties have seen fit to term this a "lease," and refer to it as such in the pleadings, so-called lease contracts have been before the courts many times, and upon inspection by the courts, if held to constitute conditional sales, are so declared, regardless of the terms used by the parties. Heryford vs. Davis, 102 U. S. 244, 26 L. Ed. 162; Singer Mfg. Co. vs. Cole, 4 Lea. 439; Cowan vs. Singer Mfg. Co., 92 Tenn. 376; Arbuckle vs. Kirkpatrick, 98 Tenn. 221, 36 L. R. A. 285. We think the true legal construction of this contract constitutes it a sale of the property, to be paid for by the town in installments extending over a period of ten years, and that this was the intention of the parties at the time of entering into it. An examination of the first provisions of Sub-section 6 of Section 2402, will show that cities or towns are authorized to contract indebtedness, by borrowing money or issuing bonds of the cities or towns. for the purpose of erecting public buildings, constructing

sewers, *purchase or construction of water works* for fire
or domestic purposes, construction or purchase of a canal
or canals or some suitable system for supplying water for
irrigation, construction or purchase of gas works or pur-
chasing illuminating gas, and the supplying of a tem-
porary deficiency in the revenue for defraying the current
expenses of the city or town. Sub-section 68 of Section
2-102 grants power to cities and towns to "erect water
works or gas works, or authorize the erection of the same
by others; but no such works shall be erected or author-
ized until a majority of the voters of the city or town,
voting on the question at a general or special election by
vote approve the same." In contracting an indebtedness
for any and all of these purposes, or the erection of gas
or water works, the question of incurring the indebted-
ness, or the erection of gas and water works, must be first
submitted to a vote of the qualified electors, except in con-
tracting an indebtedness for the "supplying the city or
town with water." Supplying in the sense of this excep-
tion of the statute, in view of its other provisions, does
not mean the ultimate acquirement of the works or facil-
ities through which the water is supplied. It can mean
only the securing of the supply of the water itself to the
town and its inhabitants through the usual facilities of
water supply systems. It was evidently the intent of the
legislature to require the approval vote of the people to
the purchase of a water supply system for the city or
town, or the erection of any such system, and the only
exception is the entering into of contracts for the supply-
ing of water through the mains, pipes or hydrants, or
otherwise, of a water system already in operation, at a
fixed rental not exceeding two mills on the dollar of tax-
able property, in accordance with sub-section 72, *supra*.

We hold, therefore, that the contract or ordinance in
question in this case is the purchase of water works for
domestic purposes within the provisions of Sub-section 6
of Section 2402 of the Compiled Laws of New Mexico
(1897), and a vote approving the same, at a general
election, was necessary to its validity before the same

could become a binding and enforcible obligation in a court of law against the Town of Hagerman. We may add further, that the amount of indebtedness contracted to be paid by this ordinance was in excess of five per centum of the total assessed valuation of the taxable property in the Town of Hagerman, and contrary to the express provisions of this same sub-section, *supra*.

Appellants contend that although there may have been some irregularities in the entering into the contract, the town having received value to the full amount alleged to be due in the complaint, the town is now estopped to deny the validity of the contract and plaintiffs are entitled to recover upon their *quantum meruit* count in their complaint. This Supreme Court, in the Raton Waterworks case, 9 N. M. 90, has held that the statutes are a public notice of their contents, and in contracts such as the one in question in this case, the statutes are a part of the contract. This principle is supported by abundant authority. It is also a fundamental principle in the law of municipal corporations, that one dealing with them is bound to look to the law from which it derives its powers. It can only exercise those powers expressly granted in its organic act and such other acts passed from time to time granting it powers, or those powers necessarily or fairly implied in or incident to those so expressly granted, or essential to the declared objects and purposes of the corporation, and indispensably necessary to its objects and purposes. Here we have an express mode provided by statute for the entering into contracts of the nature we hold this to be, i. e., an approval by the vote of the people of the town, and a further statutory limitation upon the amount of indebtedness to be contracted. Without such vote and approval, the contract or ordinance is a nullity. The rule is well settled, that where one enters with a municipal corporation into a contract, which is void because opposed to the constitution and laws of the state, and contrary to its settled public policy, complete performance of such contract on the part of such person will not prevent the municipal corporation from pleading its want of pow-

ers or the illigality of the contract. Dawson vs. Dawson Waterworks Co., 106 Ga. 696, 32 S. E. 907; McAleer vs. Angell, 19 R. I. 688, 36 Atl. Rep. 588. See also note with cases cited in 137 Am. St. Rep. at pages 375 and 376. To hold in this case that, regardless of the contract, the Town of Hagerman should be compelled to pay the water rentals provided to be paid by this ordinance, even though the sum of $900 per year was a reasonable rental for the artesian wells in question, is to set aside the statutory limitations upon the power of our municipalities. The legislature has seen fit to place upon the exercise of the municipal functions by town boards of trustees certain restrictions. Certain formalities must be observed in the entering into of certain classes of contracts, among others the one in question, and in addition to this a limitation is imposed upon the amount of indebtedness contracted. These restrictions are for the security and to safeguard the rights of the taxpayers. To arbitrarily set these aside and hold that regardless of the plain requirements of the statutes, where a town has received the benefits of a contract which it has no power to make, a party would be entitled to recover upon his *quantum meruit*, is to open the door to any course of dealing with the members of a town board which they may for the time being see fit to pursue. This we think is not the law in cases where a recovery is sought, based upon acts of the governing boards of municipalities not within their powers and required to be exercised by certain statutory requirements and under certain statutory limitations. If the principle contended for by appellants can be invoked, then there is no necessity for statutory limitations upon the powers of such boards, and no legal effect to any such statutes.

We see no error in the judgment of the lower court and the same will accordingly be affirmed, and it is so ordered.