747 P.2d 915

**Manuel P. TRUJILLO,**
**Plaintiff-Appellant,**

v.

**Telesfor GONZALES, Taos County Commissioner, District No. 1, John Gaillour, Jr., Taos County Commissioner, District No. 2, and Samuel Montoya, Chief Executive Officer, Taos County Commission, Defendants-Appellees.**

No. 17075.

Supreme Court of New Mexico.

Dec. 15, 1987.

Crollett & Sanchez, Robert Crollett, Sam B. Sanchez, Taos, for plaintiff-appellant.

White, Koch, Kelly & McCarthy, Kevin Reilly, Santa Fe, for defendants-appellees.

## OPINION

RANSOM, Justice.

Manuel P. Trujillo brought a breach of contract suit against Taos County Commissioners Gonzales and Gaillour and the Board of Commissioner's chief executive officer, Samuel Montoya. Trujillo moved for summary judgment, and defendants moved for dismissal. The court entered an order of dismissal. On appeal, alleging existence of a valid written two-year employment contract, Trujillo claims he was entitled to judgment as a matter of law and that the court erred in dismissing his complaint with prejudice. We affirm the court's decision.

In December 1984, while employed by the state, Trujillo was offered the job of Taos County Road Superintendent by Commissioner Cisneros. (Cisneros resigned in June 1985 and was replaced by defendant Gaillour.) Trujillo conditioned his acceptance of employment upon receiving a two-

year guarantee since he was within two years of retirement with the state. In January 1985, Commissioners Cisneros and Romero orally promised Trujillo employment for a two-year period beginning January 1. Trujillo accepted and voluntarily terminated his employment with the state. The minutes of the meeting of the Board of County Commissioners for January 7, 1985, at which Trujillo's employment was ratified, indicate that he was appointed as an exempt employee (one whose employment is at will). The minutes do not acknowledge the oral promise of a two-year tenure made by Cisneros and Romero. In September 1986, Gonzales and Gaillour informed Trujillo that his employment was being terminated effective September 16.

Trujillo filed his initial complaint against the individual commissioners and Montoya, not against the Board. The original complaint had three counts, including intentional interference with contractual rights and intentional infliction of emotional distress; however, only the breach of contract claim is in issue on appeal. Defendants denied the existence of a written two-year employment contract and moved for dismissal on the grounds that the complaint failed to state a claim upon which relief could be granted. The May 1987 order which granted defendants' motion to dismiss also denied Trujillo's motions to amend the complaint to name the Board as the proper party defendant and for summary judgment. As stated in that order, the court "determined that the Complaint as originally filed fails to state a claim on which relief can be granted because it is barred by governmental immunity, is foreclosed by the statutory requirement of a valid written contract found in § 37–1–23, N.M.S.A. 1978, fails to name the proper parties, and is based on illegal and unauthorized actions. The Court also has determined that the Amended Complaint attached to Plaintiff's Motion to Amend the Complaint * * * also fails to state a claim on which relief can be granted for the same reasons, except that it does name the proper parties."

The dispositive issue is whether the court erred by granting defendants' motion to dismiss based upon its determination that Trujillo failed to allege a valid written employment contract with the county in order to be excepted from the provisions of NMSA 1978, Section 37–1–23 which states that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."

Trujillo maintains that the written minutes of the January 7 board meeting constitute a valid employment contract barring a claim of immunity from suit. Under the heading of "RATIFICATION OF EXEMPT EMPLOYEES," the minutes state that "Mr. Samuel O. Montoya read the list of employees to serve in the administrative capacity." Trujillo's name appeared for the position of road superintendent. Following the list, the minutes contained the statement that " * * * Gonzales made motion to ratify all new exempt employees * * * * Romero seconded the motion. Motion carried unanimously." Cisneros was also present at the meeting, along with several other non-voting persons.

■ Trujillo submits that because the written ratification of his employment as an exempt employee is ambiguous and uncertain as a matter of law, the court should have allowed extrinsic evidence of the oral promise in order to determine the nature of his term of employment. We disagree.

■ The minutes are not ambiguous. Rather, the terms of the employment as stated in the minutes and as orally promised are inconsistent. While parties may leave portions of written contracts to oral expression, under such circumstances oral expressions are legally significant *only if they are not contradictory* and have some effect upon interpretation, application and legal operation of the written portion. *Baum v. Great Western Cities, Inc. of New Mexico,* 703 F.2d 1197, 1206 (10th Cir.1983).

■ Finally, the action of the two commissioners extending an offer of a two-year employment to Trujillo was without statutory authority and, thus, not a valid act capable of binding the county. NMSA 1978, Section 10–15–3 provides that no ac-

tion of any commission or other policy-making body shall be valid unless it is taken or made at a meeting held in accordance with the Open Meetings Act. *See* NMSA 1978, §§ 10–15–1 to 10–15–4 (Repl.Pamp.1983). Although Section 10–15–1(E)(2) does provide for privately-held *discussions* concerning personnel matters, that Subsection requires a public meeting for *final actions* on personnel matters. In this case, the ratification of Trujillo's employment as an exempt employee was the final action. In addition, NMSA 1978, Section 4–38–1 (Repl. Pamp.1984), states that "[t]he powers of a county as a body politic and corporate shall be exercised by a board of county commissioners."

> A municipal or county council or legislative body can act only as a body and when in legal session as such. And the powers of a municipal council or body must be exercised at a meeting which is legally called. Action of all the members of the council separately is not the action of the council, and an agreement entered into separately by the members of the council outside a regular meeting is not binding.

56 Am.Jur.2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 155 (1971). Moreover, a contract unlawfully entered into, though in good faith, creates no liability on the part of the body politic to pay for it, even in quantum meruit for goods furnished or labor performed. *See Hagerman v. Town of Hagerman*, 19 N.M. 118, 128–29, 141 P. 613, 617 (1914); *accord Fancher v. Board of Comm'rs of Grant County*, 28 N.M. 179, 204–05, 210 P. 237, 247 (1922). Thus, as a matter of law, the oral promise made by two commissioners, not at a duly constituted meeting of the Board, does not bind the county.

 Alternatively, Trujillo argues that defendants are estopped from denying the existence of a valid two-year employment agreement and asserting the provisions of Section 37–1–23 to deny contractual liability. This argument is based upon Trujillo's reliance on *State Highway Dep't v. Yurcic*, 85 N.M. 220, 223, 511 P.2d 546, 549 (1973) (estoppel not applied against State except

in exceptional situations where there is shocking degree of aggravated and over-reaching conduct). We find no merit to Trujillo's equitable argument because the language of the applicable statute is clear. Trujillo had no right to rely on the oral representations made to him here. *See Raton Waterworks Co. v. Town of Raton*, 9 N.M. 70, 90–91, 49 P. 898, 905 (1897) (persons dealing with public officials are chargeable with notice of limitations on their powers).

Accordingly, based upon the foregoing, the order of dismissal of the district court is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and STOWERS, J., concur.