The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: July 9, 2025

**NO. S-1-SC-40411**

**LUIS PENA JR.,**

Petitioner-Appellee,

v.

**RIO ARRIBA COUNTY COMMISSIONER**
**ALEX NARANJO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Marie Ward, District Judge**

Serpe Andrews, PLLC
Cody R. Rogers
Blade M. Allen
Las Cruces, NM

for Appellant

Richard H. Rosenstock
Santa Fe, NM

for Appellee

**OPINION**

**THOMSON, Chief Justice.**

{1}  On direct appeal, this case presents the question of whether the district court erred in finding there was probable cause to circulate a recall petition for Rio Arriba County Commissioner Alex Naranjo (Commissioner Naranjo) based on an alleged violation of the Open Meetings Act (OMA). *See* NMSA 1978, §§ 10-15-1 to -4 (1974, amended 2013); *see also* NMSA 1978, § 1-25-6(C) (2019) ("The district court's decision is appealable by the petitioner or the named official only to the supreme court."). Petitioner[1] filed a petition to hold a recall election for Commissioner Naranjo, alleging the Commissioner committed malfeasance in office by violating the OMA. *See* NMSA 1978, § 1-25-4 (2019); § 1-25-6(A) (detailing the petition and filing requirements); Amended Complaint, *In re Naranjo*, D-117-CV-2023-00373 (1st Jud. Dist. Ct. Feb. 5, 2024). Specifically, Petitioner alleged that Commissioner Naranjo made a public policy decision outside of a public meeting of

---

[1]The complaint was originally brought by Antonio DeVargas. Upon DeVargas's death, this Court granted Luis Pena's motion to substitute him as Petitioner-Appellee. *See* Notice of Death and Motion to Substitute Luis Pena Jr. as Petitioner-Appellee, *DeVargas v. Naranjo*, S-1-SC-40411 (N.M. July 11, 2024); Order, *Pena v. Naranjo*, S-1-SC-40411 (N.M. July 30, 2024).

the Rio Arriba County Commission to install a statue depicting Don Juan de Oñate at the Rio Arriba County Office Complex in Española.

{2}	As we explain below, the district court erred when, after a hearing, it found probable cause that Commissioner Naranjo committed malfeasance or misfeasance without also finding that the decision to install the statue was made by a quorum of the County Commission—a requirement to prove a violation of the OMA. *See Paragon Foundation, Inc. v. N.M. Livestock Bd.*, 2006-NMCA-004, ¶ 13, 138 N.M. 761, 126 P.3d 577. Thus, Petitioner has not established probable cause that Commissioner Naranjo committed malfeasance or misfeasance sufficient for a recall petition to proceed. We reverse and remand to the district court with instructions to dismiss Petitioner's recall petition against Commissioner Naranjo.

## I.	BACKGROUND

{3}	The controversy surrounding the location and reinstallation of the statue depicting Don Juan de Oñate, a Spanish conquistador and former colonial governor of what is now New Mexico, has been a divisive topic for years. Supporters view Oñate as an important figure in New Mexico history, while others contend Oñate's treatment of the Pueblo people was so horrendous that a public statue commemorating him on public land is highly offensive and insulting. These opposing views were apparent at the probable cause hearing, where several Rio

Arriba County residents testified to the statue's public interest. Antonio DeVargas spoke about Oñate's treatment of indigenous people leading to the Pueblo Revolt and the protest leading up to the removal of the statue in 2020. He described the Rio Arriba County Office Complex, the site of the proposed installation, as a place where all county residents must go at some point and cannot avoid. Nathana Bird, a member of Ohkay Owingeh Pueblo, testified to the "historical trauma" Oñate caused in her community and stated that placing the statue at the Rio Arriba County Office Complex would be like "ripping the band aid off of a wound." In contrast, County Manager Jeremy Maestas testified that some Rio Arriba County residents supported the reinstallation of the statue because it represented Northern New Mexican culture.

{4}     After Rio Arriba County removed the statue from its previous location in Alcalde, disagreement emerged again whether it should be reinstalled. When Luis Pena learned the statue was scheduled to be installed in Española on September 27, 2023, he called County Manager Maestas to try to be added to the County Commission's meeting agenda, but County Manager Maestas directed Pena to Commissioner Naranjo. Pena testified that he spoke with Commissioner Naranjo on September 21, 2023, but Commissioner Naranjo rebuked his efforts.

{5}     Pena introduced meeting minutes from August 29, 2023, which suggested that the decision to reinstall the statue had been made in advance of that date.

**{6}** County Manager Maestas testified that he, not the County Commission nor Commissioner Naranjo, made the decision to reinstall the statue. However, that testimony was contradicted by County Manager Maestas's emails at the time to a community member, Rio Arriba County Sheriff Billy Merrifield, and two news outlets. When confronted with these emails at the probable cause hearing, County Manager Maestas testified that he thought he had the County Commission's full support and felt intimidated by the controversy as a new county manager.

**{7}** Ultimately, the reinstallation of the statue was cancelled. Merrifield testified, per his email, that Commissioner Naranjo was the only commissioner to oppose the cancellation.

**{8}** The district court found County Manager Maestas's testimony that he made the decision to reinstall the statue was inconsistent with his emails directing public inquiries to Commissioner Naranjo[2] and ultimately "lacking credibility." The district court also found that Commissioner Naranjo was in favor of the statue's reinstallation and was opposed to cancelling it. The district court concluded that "probable cause supports the allegation that *Commissioner Naranjo* committed malfeasance or misfeasance by making the decision, or allowing the decision to be

---

[2]This conclusion by the district court is not in accordance with the emails themselves, which directed public inquiries to *both* the County Commission *and* Commissioner Naranjo.

4

made outside a public meeting."[3] However, as to all other allegations in the amended complaint, Petitioner's request was denied.

{9}     The district court's probable cause order was appealable only to this Court. Section 1-25-6(C). The briefing had large analytical gaps, most notably regarding whether a finding that a quorum of the County Commission, not just Commissioner Naranjo, made the decision to reinstall the statue was required to find probable cause of an OMA violation, and in turn, serve as grounds to support the recall petition moving forward. In advance of oral argument, the parties were instructed to be prepared to address *Paragon Foundation* and its requirement that a quorum must act for the OMA to apply. 2006-NMCA-004, ¶¶ 12-13.

{10}     Because we find *Paragon Foundation* dispositive, we reverse the district court's order on this issue alone and decline to address Commissioner Naranjo's arguments.[4]

---

[3]This conclusion is consistent with the amended complaint, which alleged that "Naranjo violated the [OMA] by making a decision outside of an open, public meeting to place the statue of Juan de [Oñate] at the Rio Arriba County Office complex." The district court therefore granted Petitioner's request on language similar, but not identical to, the language contained in the amended complaint.

[4]Commissioner Naranjo argues in his briefing that the OMA does not apply to the decision to install the statue at the Rio Arriba County Office Complex, that he did not make the decision, and even if he did, he lacked the improper or corrupt motive for an OMA violation to qualify as malfeasance or misfeasance. There is no need to address these arguments given the dispositive application of *Paragon Foundation*.

## II. DISCUSSION

{11} We review questions of statutory and constitutional interpretation de novo. *State v. Boyse*, 2013-NMSC-024, ¶ 8, 303 P.3d 830. We review errors of law in a trial court's conclusions de novo. *See Robey v. Parnell*, 2017-NMCA-038, ¶ 52, 392 P.3d 642.

{12} The New Mexico Constitution provides "[a]n elected official of a county is subject to recall by the voters of the county," and "a petition for a recall election shall cite grounds of malfeasance or misfeasance in office." N.M. Const. art. X, § 9(A). However, as a preliminary matter, "[t]he petition shall not be circulated unless, after a hearing . . . the district court determines that probable cause exists for the grounds for recall." N.M. Const. art. X, § 9(B). A violation of the OMA may constitute malfeasance or misfeasance. *See Doña Ana Cnty. Clerk v. Martinez*, 2005-NMSC-037, ¶ 6, 138 N.M. 575, 124 P.3d 210.

{13} The OMA provides that "[t]he formation of public policy or the conduct of business by vote shall not be conducted in closed meeting." Section 10-15-1(A). And, "[a]ll meetings of a quorum of members of any . . . policymaking body . . . held for the purpose of formulating public policy . . . are declared to be public meetings open to the public at all times." Section 10-15-1(B). Indeed, "[n]o . . . action of any . . . policymaking body shall be valid unless taken or made at a meeting held in

6

accordance with the requirements of Section 10-15-1" of the OMA. Section 10-15-3(A). Applying these principles, what becomes clear is that "if a quorum of the [policymaking body] did not act . . . the OMA [i]s inapplicable [and] there [i]s no OMA violation." *Paragon Foundation*, 2006-NMCA-004, ¶ 13.

{14} In *Paragon Foundation*, a state board's appointed executive director entered into a Memorandum of Understanding (MOU) with a third party without first presenting it to the board. 2006-NMCA-004, ¶¶ 2, 3. The plaintiffs alleged that the MOU violated the OMA. *Id.* ¶ 4. The Court of Appeals interpreted the plain language of Section 10-15-1(B) to require action by a quorum of the board for the OMA to apply. *Id.* ¶¶ 12-13. The Court of Appeals then reasoned that, while the executive director's action may not have been authorized by law, it was not an OMA violation because the decision was not made by a quorum of board members. *Id.* ¶¶ 14-26 (*citing Trujillo v. Gonzales*, 1987-NMSC-119, ¶ 8, 106 N.M. 620, 747 P.2d 915 (holding that an action taken by less than a quorum of a county commission was "not a valid act" under Section 10-15-3, which "provides that no action of any . . . policy-making body shall be valid unless it is taken . . . at a meeting held in accordance with the [OMA]")).

{15} The Rio Arriba County Commission has three members. Rio Arriba County Commissioners, Rio Arriba County, https://www.rio-arriba.org/county_commiss

7

ion/ (last visited June 27, 2025); *see also State v. Wilson*, 2021-NMSC-022, ¶ 2, 489 P.3d 925 ("[T]his Court may take judicial notice of a fact that is not subject to reasonable dispute because it (1) is generally known within the Court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (brackets, internal quotation marks, and citation omitted)). For a three-member county commission, two members constitute a quorum. NMSA 1978, § 4-38-2(A) (2002). Thus, for the OMA to apply, at least two members of the County Commission needed to make the decision to reinstall the statue at the Rio Arriba County Office Complex.

{16}     The district court held a probable cause hearing and decided that the recall petition could proceed, writing "probable cause supports the allegation that *Commissioner Naranjo* committed malfeasance or misfeasance by making the [public policy] decision, or allowing the decision to be made outside a public meeting." Order, *In re Naranjo*, D-117-CV-2023-00373 (1st Jud. Dist. Ct. May 2, 2024) (emphasis added); *see* § 1-25-6(B) (detailing the probable cause hearing requirements). The district court's finding that Commissioner Naranjo made the decision to move the statue and thus created grounds for recall, however, is not the legally relevant inquiry. Instead, a determination that a quorum of the County

8

Commission (with Commissioner Naranjo making up part of the quorum) made the decision was required to find probable cause of an OMA violation.

{17}     The plain language of the district court's findings is clear. The district court did not decide that the *County Commission* made the decision or that Commissioner Naranjo along with a second commissioner (establishing a quorum) made the decision. Instead, the district court's inquiry was limited to whether Commissioner Naranjo or County Manager Maestas made the decision. That legal conclusion was in error, as Commissioner Naranjo could not violate the OMA as a single member of the County Commission acting alone.

{18}     We see no reason to depart from the statutory analysis in *Paragon Foundation* that, "[u]nder the law, if a quorum of the [b]oard members did not act [on reinstalling the statue], the OMA was inapplicable, there was no OMA violation." *See* 2006-NMCA-004, ¶ 13. Thus, based on a plain reading of its findings of fact, the district court's conclusion that probable cause supports Petitioner's claim that Commissioner Naranjo committed malfeasance or misfeasance by violating the OMA is error.

## III.  CONCLUSION

{19}  Having concluded that the district court erred, we reverse. We remand this case to the district court with instructions to dismiss Petitioner's recall petition against Commissioner Naranjo.

{20}  **IT IS SO ORDERED.**

 

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**

**MICHAEL A. ARAGON, Judge**
**Sitting by designation**